USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/24/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
DERRICK BORDEN,                                                     :
                                                                    :
                                        Plaintiff,                  :    1:16-cv-716-GHW
                                                                    :
                -v -                                                :    MEMORANDUM OPINION
                                                                    :    AND ORDER
CITY OF NEW YORK,                                                   :
                                                                    :
                                        Defendant.                  :
                                                                    :
------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

Plaintiff Derrick Borden, proceeding *pro se* and *in forma pauperis*, brings claims for employment discrimination against the City of New York (the "City") in connection with his employment with the New York City Department of Parks and Recreation. The City has moved to dismiss Mr. Borden's amended complaint on the ground that it is barred by a prior settlement and general release. Because the claims that Mr. Borden asserts here fall within the scope of that release, the City's motion to dismiss is GRANTED, and Mr. Borden's amended complaint is DISMISSED.

## I.   BACKGROUND[1]

On January 29, 2016, Mr. Borden initiated this action by filing a complaint against the New York City Department of Parks and Recreation (the "DPR") using the Court's form complaint for employment discrimination cases. ECF No. 2, Compl. On the form, Mr. Borden checked the boxes indicating that he was asserting claims under Title VII and the New York City Human Rights Law for discrimination on the basis of his race and color. Compl. at 1, 3. He also checked boxes indicating that he was complaining of adverse action in the form of failure to hire, failure to

---

[1] Unless otherwise noted, the facts are taken from the amended complaint, and are accepted as true for the purposes of this motion. *See, e.g.*, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

promote, and termination of employment. Compl. at 2. Other than those checkmarks, Mr. Borden's initial complaint contained no factual allegations. Attached to the complaint was a right-to-sue letter issued by the Equal Employment Opportunity Commission and the first page of an Order After Stipulation of Settlement issued by the New York State Division of Human Rights ("NYSDHR") on October 22, 2014. Compl. at 5-6. The order incorporated a stipulation of settlement as the "Order of the Commissioner." Compl. at 5. It also stated that the stipulation of settlement was attached to the order as Exhibit A, although Mr. Borden did not include the stipulation as an attachment to the complaint. *Id.*

On June 13, 2016, Chief Judge Colleen McMahon issued an order *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B), stating that the allegations in Mr. Borden's complaint were "insufficient to state a plausible claim for relief under Title VII because they lack any detail" and granting Mr. Borden leave to file an amended complaint "to allege facts showing that he has a plausible claim for relief." ECF No. 4, Order dated June 13, 2016. The case was reassigned to this Court on September 7, 2016.

On August 19, 2016, Mr. Borden made a submission that was docketed by the District's Pro Se Intake Unit as an amended complaint. ECF No. 5, Am. Compl ("AC"). The Court adopts that interpretation and construes the submission as an amended complaint. Mr. Borden's amended complaint contains what appears to be an incomplete handwritten statement and several attached documents from the New York State Unemployment Insurance Appeal Board and the NYSDHR. *Id.*

In the amended complaint, Mr. Borden alleges that he "was hired [by DPR] and was not given proper attire to do his assignment [in] April, 2013." AC at 1. More specifically, he alleges that "[a]ll of [his] co-workers were dressed with protective clothing, which included googles [sic], gloves, boots and overalls," but that "[n]o such provisions were made for [him]." AC at 2. Mr. Borden

also alleges that he "complained that he was injured in the past by the lack of proper work items, specifically coveralls to protect his entire body." AC at 1. After bringing this grievance to his supervisor, "she fired him on July 24, 2013." *Id.* According to the amended complaint, the supervisor stated that she was firing Mr. Borden for excessive absences and, perhaps, other forms of insubordination. AC at 1-2. However, Mr. Borden alleges that he "worked for [DPR] for approximately 8 years without any lack of professional work behaviors," that he was fired "without just cause," and that "he was discriminated against." AC at 1-2.

On August 29, 2013, approximately one month after his termination, Mr. Borden filed a complaint with the NYSDHR, alleging that DPR had discriminated against him because of his race and color, and that DPR had retaliated against him for complaining about the alleged discrimination. AC at 6. In his amended complaint in this action, Mr. Borden alleges that "[DPR] resolved the legal matter in Plaintiff favor by paying monetary damages in the amount of $2,000 dollar which was supposed to be for wages which Plaintiff could have earned supposely." AC at 2. Mr. Borden adds: "[T]his action still admits culpability. Plaintiff asks to be granted $50,000 for all pain and suffering, and other further damages whereas being injured by asigned chores." *Id.*[2]

On December 28, 2016, the Court granted the City[3] leave to file a motion to dismiss Mr. Borden's amended complaint. ECF No. 16. The Court ordered that the City file and serve its motion no later than January 18, 2017, that Mr. Borden file and serve an opposition to the City's motion no later than February 9, 2017, and that the City file any reply no later than one week

---

[2] Among the documents attached to Mr. Borden's amended complaint are an NYSDHR Final Investigation Report and Basis for Determination dated February 24, 2014 and an NYSDHR Determination After Investigation dated February 25, 2015. AC at 7-14. Those documents contain significantly greater factual detail about the alleged events underlying Mr. Borden's claims than what is set forth in his handwritten statement. Because a detailed recitation of those facts is unnecessary to resolving the City's motion to dismiss, the Court does not set them out in this opinion.

[3] Mr. Borden named DPR as the defendant in his amended complaint. By order dated September 8, 2016, the Court dismissed Mr. Borden's claims against DPR because it is not an entity that can be sued under the New York City Charter. ECF No. 8, Order dated Sept. 8, 2016. In the same order, the Court construed the amended complaint as asserting claims against the City of New York, and directed the Clerk of Court to amend the caption of this action to replace DPR with the City pursuant to Fed. R. Civ. P. 21. *Id.*

following service Mr. Borden's opposition. *Id.*

On January 18, 2017, The City filed a motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that it is barred by a release that was executed in connection with the settlement referenced in the amended complaint. ECF No. 19. Although, as noted above, Mr. Borden had attached to his initial complaint an NYSDHR document entitled Order After Stipulation of Settlement, he did not attach that document to his amended complaint. The City has provided that Order, however, as well as the stipulation of settlement referenced in and attached to the Order, in connection with its motion. ECF No. 20, Decl. of Shawna C. MacLeod in Supp. of Def.'s Mot. to Dismiss ("MacLeod Decl."), Ex. 1.[4] The Order itself states that the parties had signed a settlement, that the "terms of said settlement agreed upon by the parties are incorporated into the Stipulation annexed hereto as Exhibit A," and that the agreed-upon terms set forth in the annexed stipulation "are herein adopted and incorporated by reference." *Id.* Finally, it orders that "the settlement and discontinuance stipulated and agreed upon by the parties herein be, and the same hereby is, made the Order of the Commissioner." *Id.*

The stipulation of settlement, which is both annexed to and incorporated by reference into the NYSDHR Order, contains the following term:

> The Complainant hereby withdraws the verified complaint (Case No. 1016-4179) before the Division, and before the United States Equal Opportunity Commission . . . with prejudice and releases and discharges the Respondent, and Respondent's affiliated companies, subsidiaries, parent companies, and directors, shareholders, officers, employees, attorneys, agents, representatives, and successors and assigns, and all persons acting with or on behalf of them, from all charges, complaints, claims, liabilities, . . . actions, or causes of action . . . of any

---

[4] The Court may consider these documents in resolving the City's 12(b)(6) motion without converting it to a motion for summary judgment. "Although the consideration of a Rule 12(b)(6) motion to dismiss is generally limited to the facts stated on the face of the complaint, a court may also consider documents appended to the complaint, documents incorporated by reference, and matters of which judicial notice may be taken." *Evans v. N.Y. Botanical Garden*, No. 02-cv-3591 (RWS), 2002 WL 31002814, at *4 (S.D.N.Y. Sept. 4, 2002) (citing *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991); *see also id.* (considering several NYSDHR documents on a 12(b)(6) motion because they "constitute the public records of an administrative body, of which this Court may take judicial notice without converting the motion into one for summary judgment"); *Frederick v. Wells Fargo Home Mortg.*, No. 13-cv-7364 (DLI), 2015 WL 1506394, at *1 n.2 (E.D.N.Y. Mar 30, 2015) (same); *Johnson v. Cty. of Nassau*, 411 F. Supp. 2d 171 (E.D.N.Y. 2006) (same).

>nature whatsoever, including but not limited to employment discrimination claims arising under local, state or federal statute, regulation, or ordinance relating to employment discrimination or other employment conditions, or prohibiting termination or retaliation for reporting a violation of the law, or any other claim related to or arising out of the Complainant's employment by the Respondent, known or unknown, which the Complainant may ever before have had or claim to have had from the beginning of the world through the date of this agreement.

*Id.* at 4 (¶ 6). The stipulation dated July 9, 2014 and is executed by Mr. Borden and an assistant corporation counsel on behalf of DPR. *Id.* at 5.

Mr. Borden has not filed an opposition to the City's motion, despite the fact that both the Court's December 28, 2016 briefing schedule order and the City's notice of motion—each of which were served on him—stated that he must do so by February 9, 2017. The Court has given Mr. Borden sufficient time to submit an opposition to the City's motion. Because he has elected not to do so, the Court will resolve the motion without the benefit of his arguments.

## II.   LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To meet this plausibility standard, the plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court "must accept all allegations in the complaint as true and draw all inferences in the nonmoving party's favor." *LaFaro v. New York Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009). The Court, however, is not required to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678.

Because he is proceeding *pro se*, the Court must liberally construe Plaintiff's submissions and interpret them "to raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*,

5

470 F.3d 471, 474 (2d Cir. 2006) (emphasis in original); *see also, e.g.*, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . .") (citation omitted). This mandate "'applies with particular force when a plaintiff's civil rights are at issue.'" *Bell v. Jendell*, 980 F. Supp. 2d 555, 558 (S.D.N.Y. 2013) (quoting *Maisonet v. Metro. Hosp. & Health Hosp. Corp.*, 640 F.Supp.2d 345, 348 (S.D.N.Y. 2009)). However, "the liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Id.* at 559 (internal quotation marks and citation omitted).

## III. DISCUSSION

Under New York law, "[r]eleases are contracts and their interpretation is governed by principles of contract law." *Shklovskiy v. Khan*, 709 N.Y.S.2d 208, 209 (App. Div. 2000).[5] When "the language of a release is clear and unambiguous, the signing of the release is a 'jurial act' binding on the parties." *Centro Empresarial Cempresa S.A. v. America Movil, S.A.B. de C.V.*, 952 N.E.2d 995, 1000 (N.Y. 2011) (quoting *Booth v. 3669 Delaware*, 703 N.E.2d 757, 758 (N.Y. 1998)); *see also Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 463 (2d Cir. 1998) ("Under New York law, a release that is clear and unambiguous on its face and which is knowingly and voluntarily entered into will be enforced."). "A release may be invalidated, however, for any of 'the traditional bases for setting aside written agreements, namely duress, illegality, fraud, or mutual mistake.'" *Id.* (quoting *Mangini v. McClurg*, 249 N.E.2d 386, 390 (N.Y. 1969)).

In consideration of the $2,000 settlement payment received from DPR, Mr. Borden agreed to "release[ ] and discharge[ ] the [DPR], and [its] affiliated companies, . . . officers, employees, attorneys, agents, representatives, and successors and assigns, and all persons acting with or on

---

[5] This principle applies equally in cases involving *pro se* plaintiffs. *Cuadrado v. Zito*, No. 13-cv-3321-VB, 2014 WL 1508609, at *2 (S.D.N.Y. Mar. 21, 2014) (citing *Duran v. J.C. Refinishing Contracting Corp.*, 421 F. App'x 20, 21 (2d Cir. 2011)); *see also Case v. City of New York*, No. 12-cv-2189 (AJN), 2012 WL 5951296 (S.D.N.Y. Nov. 28, 2012) (holding that the written offer and acceptances between the pro se plaintiff and City defendant formed a valid and binding settlement agreement).

behalf of them, from all charges, complaints, claims, liabilities, . . . actions, or causes of action . . . of any nature whatsoever." MacLeod Decl., Ex. 1, at 4 (¶ 5). Such claims expressly included, but were not limited to, "employment discrimination claims . . . or any other claim related to or arising out of the [Plaintiff's] employment by the [DPR], known or unknown, which the [Plaintiff] may ever before have had or claim to have had, from the beginning of the world through the date of this agreement," which was July 9, 2014. *Id.*

The language of the release is unambiguous. *See Cuadrado*, 2014 WL 1508609, at *2-3 (holding that substantially identical wording was unambiguous). As the only entity that Mr. Borden could sued for the DPR's alleged violations of law, *see* N.Y. City Charter ch. 17, § 396, the City falls within the group of affiliates of DPR against whom potential claims were released. Indeed, as noted above, Mr. Borden brought this suit directly against DPR, which is directly referenced in the release, and DPR was replaced with the City only upon an order of the Court. Additionally, Mr. Borden released all claims "from the beginning of the world through the date of this agreement," which would include all claims that had accrued prior to July 9, 2014. Because Mr. Borden alleges that he was fired on July 24, 2013, AC at 1, he necessarily released the claims asserted in this action when he signed the release nearly one year later. *See, e.g.*, *Lucio v. Curran*, 2 N.Y.2d 157, 161-62 (N.Y. 1956) ("[W]ords of general release are clearly operative not only as to all controversies and causes of action between the releasor and releasees which had, by that time, actually ripened into litigation, but to all such issues which might then have been adjudicated as a result of pre-existent controversies.").

To the extent that Mr. Borden's amended complaint alleges that he understood the release to only bar claims for lost wages, *see* AC at 2, the unambiguous language of the release, rather than Mr. Borden's subjective understanding, controls. *HOP Energy, L.L.C. v. Local 553 Pension Fund*, 678 F.3d 158, 162 (2d Cir. 2012) ("With unambiguous contracts, a party's subjective intent and understanding of the terms is irrelevant."). In addition to the general release, the stipulation of settlement expressly

7

states that the $2,000 payment was made and accepted "in complete settlement of [the NYSDHR] complaint," not just for the portion concerning lost wages.  MacLeod Decl., Ex. 1, at 3 (¶ 2).  Since Mr. Borden does not allege "duress, illegality, fraud, or mutual mistake," *see Centro Empresarial Cempresa S.A.*, 952 N.E.2d at 1000, he is bound by the terms of the General Release and this lawsuit must be dismissed.

### IV.  CONCLUSION

For the foregoing reasons, the City's motion to dismiss is GRANTED.  Because it would be futile for Mr. Borden to replead his claims in light of the unambiguous prior release of those claims, his amended complaint is dismissed with prejudice.  *See Dougherty v. Town of Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) ("An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)."); *Palmatier v. Lockheed Martin Corp.*, No. 13-cv-133, 2014 WL 1466489, at *4 n.8 (N.D.N.Y. Apr. 15, 2014) (holding amendment would be futile where claim was barred by general release).

The Clerk of Court is directed to enter judgment for the defendant and to close this case.

The Court will mail a copy of this order to Mr. Borden, along with all unreported decisions cited herein.

SO ORDERED.

Dated:  February 24, 2017  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge